IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 12-cv-00150-LTB-KMT

SANDRO TORRES, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

CACHE CACHE, LTD., a Colorado corporation;
JODI LARNER; and
CHRIS LANTER,

    Defendants.

_____

## ORDER
_____

This case is before me on Plaintiff's Motion for Summary Judgment [Doc # 19]. After consideration of the motion, all related pleadings, and the case file, I deny Plaintiff's motion.

### I. Background

In this action to recover unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*., ("FLSA") and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.,* as implemented by the Colorado Minimum Wage Order, the following facts are undisputed for purposes of Plaintiff's motion unless otherwise noted.

Defendants own and operate the Cache Cache restaurant in Aspen, Colorado where Plaintiff worked as a server. The servers at Cache Cache participate in a tip pool whereby all the tips they earn are combined and then divided at the end of each shift among various restaurant employees.

During Plaintiff's employment at Cache Cache, Alex Harvier, the head sommelier or wine steward, and the kitchen staff received tips from the tip pool. Mr. Harvier's job responsibilities include selling wine to customers, assisting customers in pairing wines with their meal, and helping out as needed in other capacities such as seating customers and clearing tables. Mr. Harvier also has some involvement in the hiring, firing, and scheduling of employees and with employee records.

Defendants hung posters containing wage information as required by state and federal law in both English and Spanish on site at Cache Cache. One of these posters, the Colorado Minimum Wage Order 29 Poster, lists the minimum wage and the "tipped employee minimum wage" for various effective dates and further provides:

> Nothing ... shall prevent an employer ... from requiring employees to share or allocate such tips or gratuities on a pre-established basis among other employees of said business who customarily and regularly receive tips. Employer-required sharing of tips with employees who do not customarily and regularly receive tips, such as management or food preparers, ... shall nullify allowable tip credits towards the minimum wage .... No more than $3.02 per hour in tip income may be used to offset the minimum wage of tipped employees.

Plaintiff does not recall if he ever saw these posters.

## II. Standard of Review

The purpose of a summary judgment motion under Rule 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980); Fed. R. Civ. P. 56(e).

If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex*, 477 U.S. at 323. The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Anderson*, 477 U.S. at 252; *Mares*, 0971 F.2d at 494.

### III. Analysis

**A. Statutory Framework**

Under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*., ("FLSA"), an employer may pay a "tipped employee," *i.e.,* "any employee engaged in an occupation where he

customarily and regularly receives more than $30 a month in tips," less than the federal minimum wage provided that the employee has been notified that he is so being paid and the employee retains all the tips that the employee receives. 29 U.S.C. § 203(m) & (t). This provision is known as the "tip credit."

The FLSA's requirement that an employee retain all tips received does not prohibit the pooling of tips among employees "who customarily and regularly receive tips." 29 U.S.C. § 203(m). Thus, an "employer" generally may not participate in a tip pool. *See Gionfriddo v. Jason Zink, LLC,* 769 F. Supp. 2d 880, 893 (D. Md. 2011) (citing cases to demonstrate "unequivocal" support for proposition that FLSA prohibits employers from participating in employee tip pools). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

Colorado law similarly provides a credit against the minimum wage that must be paid to "tipped employees" Colorado Minimum Wage Order No. 29, § 3. An employer availing itself of this credit is not precluded from requiring its employees to share tips with other employees "who customarily and regularly receive tips." *Id.* at § 2. However, "[e]mployer-required sharing of tips with employees who do not customarily and regularly receive tips, such as management or food preparers, ... shall nullify allowable tip credits ...." *Id.*

### B.  Mr. Harvier's Participation in the Tip Pool

The parties agree that the determinative issue regarding Mr. Harvier's eligibility to participate in the tip pool under the FLSA is whether he qualifies as an "employer." In addition to the definition of "employer" set forth in the FLSA, I also look to the economic reality test in analyzing this issue. *Koellhoffer v.Plotke-Giordani.* 858 F. Supp. 2d 1181, 1189 (D. Colo.

2012). "The economic reality test includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Baker v. Flint Eng'g & Constr. Co.,* 137 F.3d 1436, 1440 (10th Cir. 1998). In applying the economic reality test, no single factor is dispositive but rather I look to the totality of the circumstances. *Id.* at 441.

While Mr. Harvier has some involvement in the hiring, firing, and scheduling of employees and with employment records, there are genuine issues of material fact as to the extent of his involvement or authority in these areas. Additionally, there is no evidence that Mr. Harvier had any involvement or authority with respect to the rate or method of pay for Cache Cache employees. Under these circumstances, I conclude that Plaintiff is not entitled to judgment as a matter of law that Mr. Harvier's participation in Cache Cache's tip pool is invalid under the FLSA based on his status as an "employer."

I likewise conclude that there are genuine issues of material fact that preclude the entry of judgment in Plaintiff's favor on the issue of whether Mr. Harvier's participation in Cache Cache's tip pool is invalid under Colorado wage laws based on his status as a manager. In addition to the factors cited above, I note that Mr. Harvier has submitted an affidavit disputing his status as manager based on, among other things, his job title and lack of involvement with general restaurant operations and business decisions.

## C.  The Kitchen Staff's Participation in the Tip Pool

Defendants do not dispute that Cache Cache may not avail itself of the tip credit if Plaintiff was required to share his tips with the kitchen staff since they do not customarily and

regularly receive tips. Defendants argue, however, that the sharing of tips with the kitchen staff was voluntary and therefore not a violation of the FLSA or Colorado wage laws. *See* Dep't of Labor, Wage and Hour Div., Op. Letr, 1976 WL 41732, (Mar. 26, 1976) ("We do not think that Congress, even in requiring as a general principle that tipped employees retain all of their tips, intended to prevent tipped employees from deciding, free from any coercion whatever, and outside of any formalized arrangement, what to do with their tips, including sharing them with whichever co-workers they please.").

To establish that the sharing of tips with the kitchen staff was mandatory at Cache Cache, Plaintiff cites evidence (1) that Cache Cache's tip sharing policy has remained the same for at least ten years; (2) that Cache Cache's tip sharing policy is administered through distribution of tip monies at the end of the night by the head waiter pursuant to a set formula; (3) that new employees are told that Cache Cache's tip sharing policy is how things are done; and (4) that servers at Cache Cache did not even have access to or control over their tips until they received their share under the set formula at the end of the night.

Defendants counter Plaintiff's evidence with evidence (1) that no manager at Cache Cache ever told Plaintiff he had to share his tips with the kitchen staff and there is no written employment policy to this effect; (2) that no employee at Cache Cache was ever disciplined or terminated for not sharing tips with the kitchen staff; and (3) that other employees did not feel obligated to share their tips with Cache Cache's kitchen staff.

Although the weight of the evidence favors Plaintiff on this issue, I conclude that there are genuine issues of material fact that preclude the entry of judgment in Plaintiff's favor on his claims that Defendant violated the FLSA and Colorado wage laws through the distribution of tip

monies to Cache Cache's kitchen staff.

### D.  Notice to Plaintiff Regarding Tip Credit

To avail themselves of the "tip credit," Defendants must provide employees with notice of the law regarding minimum wages and of their intention to take the tip credit.  29 U.S.C. § 203(m); *Koellhoffer v. Plotke-Giordani.* 858 F. Supp. 2d at 1191.  Defendants argue that they provided the requisite notice through posters displayed at Cache Cache including the Colorado Minimum Wage Order 29 Poster.  Plaintiff claims that this notice was insufficient because this poster "merely provides a general explanation of an employer's minimum wage obligations" and does not provide "an explanation to Plaintiff that Cache Cache intended to treat tips as satisfying a portion of its minimum wage obligations to Plaintiff."  I disagree.

The Colorado Minimum Wage Order 29 Poster clearly sets forth the separate minimum wage requirements for regular employees and tipped employees, as well as acceptable tip-sharing practices.  Provided that this poster and/or others containing the same information were prominently displayed, Defendants satisfied the notice requirement for taking a tip credit under the FLSA.  *See Guiffre v. Marys Lake Lodge, LLC,* 2012 WL 4478806 at *5 (D. Colo. Sept. 28, 2012) (plaintiff was informed of tip credit where poster outlining minimum wage for tipped employees was displayed at wait station and plaintiff did not contend that he never read poster); *Davis v. B& S, Inc.,* 38 F. Supp.2d 707, 719 (N.D. Ind. 1998) (citing cases from various jurisdictions for proposition that an employer can adequately convey notice of tip credit by way of prominently displayed poster containing sufficient information).  Plaintiff is therefore not entitled to judgment in his favor on his claim that Defendants' violated the FLSA by failing to provide him with adequate notice regarding the tip credit.

**E. Liquidated Damages**

The FLSA authorizes an award of liquidated damages against an employer who violates the FLSA's minimum wage provisions. 29 U.S.C. § 216(b). A court, however, may decline to award such damages if the employer shows that it acted in good faith and had reasonable grounds to believe that it was not in violation of the FLSA. 29 U.S.C. § 260.

In the absence of any finding that Defendants violated the FLSA in the first instance, it would be premature for me to address the appropriateness of awarding liquidated damages to Plaintiff. This issue shall therefore be reserved for trial.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [Doc # 19] is DENIED.

Dated: April   18  , 2013 in Denver, Colorado.

                                        BY THE COURT:

                                         s/Lewis T. Babcock
                                      LEWIS T. BABCOCK, JUDGE